HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

KEVIN HARVEY,

        Defendant.

Case No. CR04-5350RBL

ORDER

THIS MATTER is before the Court on Defendant's Pro Se Motion to Reduce His Sentence Pursuant to 18 U.S.C. § 3582 [Dkt. #595]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant was sentenced on March 31, 2006 for distribution, and possession with intent to distribute, cocaine base. His Total Offense Level was 29 and his Criminal History Category was I with a guideline range of 87 to 108 months. Because of the amount of cocaine base involved defendant was sentenced to the statutory mandatory minimum sentence of 120 months. According to the Bureau of Prisons, his projected release date is November 2, 2014.

Under Amendment 706, effective November 1, 2007, the base offense level for most cocaine base offenses has been lowered by two levels. Amendment 706 has been made retroactive effective March 3, 2008. Under this amendment, the defendant's Total Offense Level is now 27, and his guideline range is 70 to 87 months. However, the statutory mandatory minimum applicable to the defendant has not changed.

Jurisdiction to grant a sentence reduction in this case is derived from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a **sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of § 3582(c)(2) provides the court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected. The Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence. A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with policy statements if an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another statutory provision, i.e., a statutory minimum term of imprisonment. See, United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996).

Because the defendant was sentenced to the statutory mandatory minimum sentence, his sentencing range has not been lowered and this Court is without jurisdiction to reduce his sentence. Defendant's Motion to Reduce His Sentence [Dkt. #595] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 6th day of June, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE